■ In the Matter of STATE OF NEW YORK, Respondent, v LINCOLN SAVINGS BANK, Respondent and ROSELYN WALLACH, as Committee of GUSSIE WALLACH, Appellant. [620 NYS2d 475] —In a turnover proceeding pursuant to CPLR article 52, Roselyn Wallach appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Leone, J.), dated April 26, 1993, which directed the respondent Lincoln Savings Bank

to pay over to the petitioner the sum of $9,480 with accrued interest from the accounts in the name of Roselyn Wallach, as Committee of Gussie Wallach.

Ordered that the order and judgment is affirmed, with costs to the petitioner-respondent.

The petitioner State of New York sought payment for bills incurred by the Office of Mental Health for the care of Gussie Wallach, who had been declared incompetent by the Supreme Court, Kings County, in 1965. The committee appointed to handle the incompetent's affairs did not file any intermediate accountings with the court during the period from 1965 until the incompetent's death in 1990. Thus, upon the State's motion for payment, the court entered a money judgment in favor of the State, and ordered that the committee prepare a final account and pay the State the money owed. The committee sought reimbursement for expenditures made from the incompetent's personal funds.

Contrary to the committee's contention, the final account submitted to the court for approval failed to comply with the court's order to set forth the annual income and disbursements of the committee's bank accounts. Moreover, the inadequate documentary proof of the committee's expenditures from personal funds prevented the court from determining whether the committee was entitled to reimbursement. Since the court provided the committee with three opportunities to comply with the court's orders, and the committee failed to cooperate, the court properly granted the State's petition to turn over all of the funds in the committee's accounts to pay the bills incurred by the State for the care of the incompetent, without providing for reimbursement to the committee. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.